UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Jason Wolfe,

          *Plaintiff*,      Case No. 3:24-cv-164

v.

                            District Judge Thomas M. Rose

Rob Streck,                     Magistrate Judge Elizabeth Preston Deavers

          *Defendant*.

**ORDER OVERRULING OBJECTION (DOC. 7), AFFIRMING ORDER (DOC. 6.), AND GRANTING PLAINTIFF UNTIL OCTOBER 30, 2024 TO FILE A CORRECTED COMPLAINT.**

Before the Court is *pro se* Plaintiff Jason Wolfe's "Objection to Magistrate Order re Doc. 6 Order on Motion for Extension of Time to File, Order on Motion for Reconsideration," Doc. 7, which the Court construes as an appeal of an order by Magistrate Judge Elizabeth Preston Deavers that denied reconsideration of an order denying Plaintiff's request for the appointment of counsel to pursue his claims of § 1983 violations during his current term of imprisonment.

As regards appointment of counsel in such cases, the United States Court of Appeals for the Sixth Circuit instructs:

> "Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories,* 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by

1

> exceptional circumstances. *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982)." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI,* 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham,* 787 F.2d 1, 3 (1st Cir. 1986).

*Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). The "exceptional circumstances," factors include: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

The Magistrate Judge considered these factors when denying Plaintiff's motion to appoint counsel. (Doc. 3, PageID 36.) In doing so, she added, "If the case proceeds past the initial screening and dispositive motions and is headed to trial, Plaintiff may renew his motion for appointed counsel." (*Id.*) In his filing, Plaintiff reasserts his difficulties in pursuing his complaint while incarcerated, (Doc. 7, PageID 54), difficulties encountered by all incarcerated individuals seeking to pursue civil actions.

The Court has reviewed the findings of the Magistrate Judge and, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has made a *de novo* review of the record in this case. Upon consideration of the foregoing, the Court **DENIES** Plaintiff's appeal. Plaintiff is **GRANTED** until October 30, 2024 to file a corrected complaint. Plaintiff's claims continue to be referred to the Magistrate Judge.

**DONE** and **ORDERED** this Tuesday, October 8, 2024.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE