IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON WOLFE,

    **Plaintiff,**

v.

    Civil Action 3:24-cv-164
    Judge Thomas M. Rose
    Magistrate Judge Elizabeth P. Deavers

ROB STRECK,

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding *pro se*, initiated this case on June 3, 2024, by filing an application to proceed *in forma pauperis* which included, *inter alia*, a letter marked "Complaint." (ECF Nos. 1, 1-2.) In its Order dated June 13, 2024, the Court explained the following:

> Plaintiff must file a Complaint that, liberally construed, complies with the required "basic pleading essentials" in federal court. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); see also Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 10(a) (requiring a caption and the names of the parties in pleadings). To assist Plaintiff, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of the blank complaint form that prisoners regularly use in this Court. Plaintiff is **ORDERED** to submit a proper Complaint that includes a caption and names a defendant or defendants within thirty days of this Order. If he does not, this case may be dismissed for failure to prosecute.

(ECF No. 3.)[1] Upon Plaintiff's motion, the Court granted him until October 1, 2024, to file a corrected Complaint. (ECF Nos. 4, 6.) The Court later granted Plaintiff an extension of time until October 30, 2024. (ECF No. 14.) Plaintiff did not file a

---

[1] The Order further stated that Plaintiff's application to proceed *in forma pauperis* would be resolved once a formal Complaint was filed. (ECF No. 3.)

Complaint as ordered and on November 14, 2024, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 15.)

Shortly thereafter, Plaintiff moved for an extension of time to file a formal complaint. (ECF No. 16.) Accordingly, on February 5, 2025, the Court vacated its judgment, reopened this case, and granted Plaintiff until March 17, 2025, to submit a proper Complaint that included a caption and named a defendant or defendants. (ECF No. 17.) Plaintiff did not file a Complaint as ordered but filed a letter on March 25, 2025, raising additional concerns without identifying any defendant or defendants. In response, by Order dated March 28, 2025, the Court granted Plaintiff an additional extension of thirty days to file a proper Complaint and expressly warned Plaintiff that his failure to do so would result in the dismissal of this case for want of prosecution. (ECF No. 19.) More than sixty days have passed from the Court's last Order with no proper Complaint having been filed by Plaintiff. In sum, Plaintiff has not filed a proper Complaint as repeatedly ordered by the Court for nearly a year now.

Under these documented circumstances, the Court **RECOMMENDS** that this action be **DISMISSSED without prejudice** pursuant to Federal Rule of Civil Procedure Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that

2

"a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). And, it is especially appropriate here where, over the course of the nearly a year that this case has been pending, it appears that Plaintiff has received the Court's orders and consistently has chosen to submit filings other than the ordered Complaint. (*See, e.g.,* ECF No. 18.)

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert*

3

*v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: June 2, 2025**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**